JOHN W. ACKERMAN, appellant,

*v.*

JAMES H. BRINKERHOFF and HELENA BRINKERHOFF, his wife, respondents.

This is an appeal from a decree in chancery dismissing the complainant's bill, as advised by *John Hopper, Esq.,* one of the advisory masters, to whom the cause was referred, who filed no conclusions. The complainant is a creditor of the defendant James H. Brinkerhoff, and the object of the bill of complaint was to set aside a certain deed, made by David A. Pell, sheriff of Bergen county, to Helena Brinkerhoff, the wife of the debtor, and to subject the property so conveyed to her to the lien of the complainant's judgment.

The facts, as set forth in the bill, are, that, on May 20th, 1879, the complainant recovered a judgment in the supreme court against the said James H. Brinkerhoff for the sum of $1,845.25. On the 21st day of the same month of May, 1879, the lands in question, which were all the lands of which the judgment debtor was then seized, were sold by the sheriff under and by virtue of

executions theretofore delivered to him upon two judgments which had been obtained in the supreme court against said debtor prior to the judgment of the complainant, viz., one by George Brinkerhoff for $593.39, and one by Jane Mandeville for $524.47. The property so sold was struck off to Ackerson & Van Valen, the attorneys of the plaintiffs in the judgments under which sale was made, for the sum of $200. Although the sale was made on the 21st of May, 1879, yet no deed was made or delivered until January 27th, 1880, when the sheriff, by direction of the plaintiffs' attorneys, made the deed in question to Helena Brinkerhoff, wife of the judgment debtor. The execution issued upon the complainant's judgment was returned unsatisfied, and shortly after the making of the deed in question he filed his bill, asking to have the sheriff's deed set aside and the property declared subject to the lien of his judgment.

The bill charges that the wife of the judgment debtor, at the time of the sale, had no means of her own with which to purchase the property, and that no money or consideration was paid to the sheriff for the deed, or else that, if any consideration was paid, it was furnished by the husband, the judgment debtor. The bill further charges that, at the time of said sale, the attorneys of the plaintiffs in the judgments under which the sale was made, were also acting as the advisers of the judgment debtor; and that the sale and subsequent placing of the title in the wife of the judgment debtor, without consideration paid, was a contrivance to place the debtor's property beyond the reach of other creditors, and especially of the complainant; and that the proceedings were had in order to deceive and defraud the complainant. The bill charges that the property was of great value (stated at $6,000), and that notwithstanding the sheriff's deed, above mentioned, the property still remained, in equity, the property of the judgment debtor, and that it ought to be subject to the lien of complainant's judgment.

The bill also states that, at the time of the sale, the property was subject to a mortgage of $1,500, and that, shortly after the delivery of the deed to the debtor's wife, this mortgage was paid off, and a new encumbrance placed on the property for $2,000.

Ackerman *v.* Brinkerhoff.

The bill contains the usual prayers for relief, and asks an injunction to prevent the defendants from further conveying or encumbering the property. It does not ask for an answer under oath.

The answer admits that the defendant James H. Brinkerhoff was seized of the property in question, as charged by the bill; that the sale was made as set forth in the bill ; that the property sold was all the property of which the defendant was then seized. The answer also admits that the judgments under which the sale was made were obtained by default, and that the defendant Helena Brinkerhoff was aware of the existence of complainant's judgment when she took the deed.

The answer denies that the judgment debtor's wife had no means or pecuniary resources of her own, and declares the allegation of the bill, that she paid no consideration for the sheriff's deed, to be untrue. It denies all contrivance to defeat payment of complainant's claim; sets up the regularity of the proceedings under which the property was sold, and avers that Helena Brinkerhoff, the wife, paid the consideration money named in the deed ($200) to the attorneys of the plaintiffs, in their office ; that she and they were present, and that the money thus paid was her own money.

The answer also avers that Mrs. Brinkerhoff obtained the money from which this purchase was made by making the mortgage for $2,000, above mentioned, and that James H. Brinkerhoff, her husband, the judgment debtor, had nothing to do with borrowing the money, or with its payment and distribution.

The answer is sworn to by both Brinkerhoff and his wife. The only matters in dispute relate to the *bona fides* of the transaction by which the wife acquired title.

*Mr. James H. Rogers,* for the appellant.

*Mr. Michael Dunn,* for the respondents.

PER CURIAM.
This decree unanimously affirmed.